IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOE RUIZ,<br><br>        Plaintiff,<br><br>    v.<br><br>CAMPBELL SOUP COMPANY,<br><br>        Defendant. | CIVIL NO. 12-6131(NLH)(AMD)<br><br><br>OPINION |

**APPEARANCES:**

MARC A. WEINBERG
SAFFERN & WEINBERG
815 GREENWOOD AVE.
SUITE 22
JENKINTOWN, PA 19046

    On behalf of plaintiff

ALISON CHRISTINA MORRIS
DUANE MORRIS LLP
30 SOUTH 17th STREET
PHILADELPHIA, PA 19103

    On behalf of defendant

**HILLMAN**, District Judge

    Presently before the Court is the motion of defendant to dismiss plaintiff's claims that he was wrongfully terminated from employment, and that defendant violated his rights under an ERISA benefits and pension plan.  For the reasons expressed below, defendant's motion will be granted.

                              **BACKGROUND**

    According to his complaint, plaintiff, Joe Ruiz, began working for defendant Campbell Soup Company in October 1984.  In

August 2010, plaintiff learned that the retail service center ("RSC") operations were being relocated from Ohio to plaintiff's department in Camden, New Jersey.  Plaintiff claims that Jim Louder, the head of operations of RSC, engaged in conduct designed to keep information from plaintiff in order to prove to John Yecco, the Vice President of Finance for Campbell and Jim's long-time friend, that plaintiff did not know what he was doing and could not manage his department.  According to plaintiff, Jim told John (1) that there were "$MM2 of dollars of IQ cards and POS within the warehouse and that Plaintiff had no idea of what was in there or where it went," (2) that plaintiff was not billing third party accounts correctly, and as a result, was leaving "$MM's on the table," (3) plaintiff had written a bad contract to one of the vendors, and (4) plaintiff could not manage his inventory.

    Plaintiff contends that even though Campbell conducted audits that demonstrated that there was no merit to Jim's allegations, Jim still continued to spread the idea throughout the company that plaintiff was incompetent.  Plaintiff claims that he complained about Jim to his supervisor, as well as the "President of the Sales Company" and the director of human resources, but he was only told to "take the high road" and "hang in there," as the company would be "getting rid of" Jim.  Plaintiff also claims that John told him that he was going to

2

have him fired and "hang him from the flag pole." On March 22, 2011,[1] plaintiff's employment was terminated.

Plaintiff claims that he was wrongfully terminated. He also claims that defendant violated ERISA by interfering with his rights under Campbell's "pension and employee welfare benefits plan," and by denying him the benefits he was due under the plan. Defendant has moved to dismiss all of plaintiff's claims for his failure to properly plead them. Plaintiff has opposed defendant's motion.

## **ANALYSIS**

**A.   Jurisdiction**

Plaintiff contends that this Court has jurisdiction over this matter pursuant to Sections 404, 405, 502(a) and 510 of Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1104, 1105, 1132(a), and 1140.

**B.   Standard for Motion to Dismiss**

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. <u>Evancho v. Fisher</u>, 423 F.3d 347, 351 (3d Cir. 2005). It is well settled

---

[1] Plaintiff's complaint states that he was terminated on March 22, 2010, but that appears to be a typographical error.

3

that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim.  <u>Bogosian v. Gulf Oil Corp.</u>, 562 F.2d 434, 446 (3d Cir. 1977).  However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Baldwin Cnty. Welcome Ctr. v. Brown</u>, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted).

　　　A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" <u>Bell Atlantic v. Twombly</u>, 550 U.S. 544, 563 n.8 (2007) (quoting <u>Scheuer v. Rhoades</u>, 416 U.S. 232, 236 (1974)); <u>see also</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 684 (2009) ("Our decision in <u>Twombly</u> expounded the pleading standard for 'all civil actions' . . . ."); <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210 (3d Cir. 2009) ("<u>Iqbal</u> . . . provides the final nail-in-the-coffin for the 'no set of facts' standard that applied to federal complaints before <u>Twombly</u>.").

4

Following the Twombly/Iqbal standard, the Third Circuit has instructed a two-part analysis in reviewing a complaint under Rule 12(b)(6).  First, the factual and legal elements of a claim should be separated; a district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.  Fowler, 578 F.3d at 210 (citing Iqbal, 129 S. Ct. at 1950).  Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "'plausible claim for relief.'"  Id. (quoting Iqbal, 129 S. Ct. at 1950).  A complaint must do more than allege the plaintiff's entitlement to relief.  Id.; see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (stating that the "Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element.  This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element").

A court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997).  The defendant bears the burden of showing that no claim has been presented.  Hedges v. U.S., 404 F.3d 744, 750

(3d Cir. 2005) (citing <u>Kehr Packages, Inc. v. Fidelcor, Inc.</u>, 926 F.2d 1406, 1409 (3d Cir. 1991)).

Finally, a court in reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice. <u>S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd.</u>, 181 F.3d 410, 426 (3d Cir. 1999). A court may consider, however, "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." <u>Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.</u>, 998 F.2d 1192, 1196 (3d Cir. 1993). If any other matters outside the pleadings are presented to the court, and the court does not exclude those matters, a Rule 12(b)(6) motion will be treated as a summary judgment motion pursuant to Rule 56. Fed. R. Civ. P. 12(b).

**C.   Analysis**

Plaintiff's complaint can be summed up as follows: Plaintiff claims that he was fired from his job at Campbell Soup, and denied benefits under Campbell's "pension and employee welfare benefits plans," after (1) his supervisor accused him of not doing his job properly on several occasions, (2) his supervisor spread around the company the idea that he was incompetent, (3) plaintiff went over his supervisor's head and complained about him to two other superiors, and (4) being threatened that he was

going to be fired and hung from a flag pole.  This conduct allegedly occurred between August 2010 and March 2011.  Even accepting as true all of these allegations, plaintiff has failed to properly state a claim for "wrongful termination" or any violation of ERISA.

First, with regard to plaintiff's "wrongful termination" claim, plaintiff claims that defendant terminated him in violation of "a valid employment contract."  Plaintiff, however, does not plead any facts to show that he had an employment contract with defendant.  Plaintiff does not state when he entered into the purported contract, he does not recite its terms, and he does not describe the provisions that defendant allegedly violated.  In addition to this fatal pleading deficiency, plaintiff does not allege what common law or statute defendant violated when he was "wrongfully terminated."  Without alleging any facts to support a wrongful termination claim, and without pleading a legal basis to support such a claim, plaintiff's bald assertion that he was wrongfully terminated is not a sustainable cause of action.

Next, with regard to plaintiff's claims that defendant violated ERISA,[2] plaintiff's ERISA claims are similarly void of

---

[2]Plaintiff claims that defendant violated Section 404(a), 29 U.S.C. § 1104(a) (fiduciary duties), Section 510, 29 U.S.C. § 1140 (interference), and Section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) (civil enforcement to recover benefits due to him

7

any factual support that would enable his ERISA claims to proceed.  Essentially, the rationale for plaintiff's ERISA violation claims is that defendant violated ERISA because his termination from employment caused him to lose his pension and benefits under Campbell's pension and employee welfare benefits plan.  This claim is not enough.

ERISA mandates strict standards for fiduciaries to maintain, including the publication of a detailed document to describe the duties of the plan administrator, the benefits afforded to plan participants, and the rights and responsibilities of all parties under the plan.  See 29 U.S.C. §§ 1102, 1104, 1109; Massachusetts Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 152-53 (1985).  ERISA provides that plan administrators shall "upon written request of any participant or beneficiary furnish a copy of the latest updated summary, plan description," 29 U.S.C. § 1024(b)(4), and a beneficiary may enforce this obligation under ERISA's civil enforcement provision, 29 U.S.C. § 1132(c).  "It is the Plaintiff's burden of proof to have the plan documents and cite to specific plan provisions when filing a civil complaint to obtain ERISA benefits."  Broad Street Surgical Center, LLC v. UnitedHealth Group, Inc., 2012 WL 762498, 15 (D.N.J. March 6, 2012).

---

under the terms of his plan).

When plaintiff claims that defendant interfered with his rights to, and wrongly excluded him from, defendant's "pension and employee welfare benefit plans," plaintiff does not cite to any plan document to show what benefits he was entitled to under the plan.  Plaintiff also does not cite to any plan document to show how defendant violated the terms of the plan by not providing him with those benefits.  Plaintiff does not even articulate what kind of benefits he lost.  Plaintiff does not specify whether he is seeking recovery for pension benefits, severance benefits, health benefits, or all three.  Without any reference to the plan documents to show plaintiff's entitlements and defendant's obligations, and without any description of the benefits he is seeking, it is impossible to determine whether defendant violated ERISA by breaching its fiduciary duty to plaintiff or interfering with his right to benefits.[3]

---

[3]In his opposition to defendant's motion, plaintiff attaches a copy of the "Campbell Soup Company Severance Pay Plan for Salaried Employees," as well as a letter to plaintiff's counsel from Campbell Soup's Vice-President of Human Resources.  The letter refers to Section 3.1(a) of the severance pay plan, which explains the conditions for terminations that are eligible for severance pay, and informs counsel that plaintiff's termination did not meet the conditions of that section.  The letter also informs counsel about the procedures to appeal that determination.  The Court cannot consider these documents in assessing the viability of plaintiff's complaint.

It must be noted that even if plaintiff filed an amended complaint, citing to the provisions of the plan that he believes defendant violated, it is unclear whether plaintiff exhausted his administrative remedies, which is a requirement to filing suit.  See Funk v. CIGNA Group Ins., 648 F.3d 182, 191 n.11 (3d Cir.

As succinctly stated by the Third Circuit, a complaint must do more than allege a plaintiff's entitlement to relief. Instead, the complaint has to show such an entitlement with its facts. <u>Fowler</u>, 578 F.3d at 210. Plaintiff here has failed to support his entitlement to relief with sufficient facts. Consequently, plaintiff's complaint must be dismissed in its entirety. An appropriate Order will be entered.


Date: April 22, 2013                    s/ Noel L. Hillman
                                        NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey

---

2011) (explaining that a claimant must exhaust the administrative remedies mandated by ERISA before filing suit). Because, however, the exhaustion issue is not raised on the face of plaintiff's complaint, the Court takes no position on it.

10